*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RANDY ISEAL JACKSON JR.,

Defendant-Appellant.

UNPUBLISHED
January 28, 2021

No. 350349
Saginaw Circuit Court
LC No. 18-045735-FH

Before: GADOLA, P.J., and BORRELLO and M.J. KELLY, JJ.

PER CURIAM.

A jury convicted defendant, Randy Iseal Jackson Jr., of carrying a concealed weapon (CCW), MCL 750.227, one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to concurrent terms of 34 months to 10 years' imprisonment for CCW and felon-in-possession, to be served consecutively to two years' imprisonment for one of the felony-firearm counts. Defendant appeals as of right. We affirm.

## I. FACTS

Defendant's convictions arise from a traffic stop conducted by two state troopers of a tan Kia Spectra on October 31, 2018. The traffic stop was initiated because the license plate was improperly displayed in the rear window of the vehicle and obstructed the view of the middle brake light. Three individuals occupied the vehicle: Nicole Morgan, Tyla Kilbourne, and defendant. Morgan was the driver, Kilbourne sat in the front passenger seat, and defendant occupied the rear passenger seat. Trooper Patrick Miller made contact with Morgan, while his partner, Trooper Justin Kemerer, surveyed the passenger side of the vehicle.

Once Trooper Miller reached Morgan, he asked for her driver's license. Morgan indicated that the license was in her purse in the back seat of the vehicle. Around that time, Trooper Kemerer noticed defendant looking to both sides and reaching in the vehicle. As Trooper Kemerer shined his flashlight inside the rear passenger side of the vehicle, he observed a handgun "within inches" of defendant's feet and defendant reaching towards the floor of the vehicle. Trooper Kemerer then

-1-

alerted Trooper Miller of the handgun, with each drawing their service weapon on defendant. Next, Trooper Kemerer ordered defendant to put his hands on the back of the seat he was sitting behind, removed defendant from the vehicle, secured him in handcuffs, and placed him in the back of the troopers' patrol car. Trooper Kemerer later determined that the handgun was loaded. A Law Enforcement Information Network (LEIN) search by Trooper Kemerer revealed that the handgun had been stolen.[1]

Troopers Miller and Kemerer interviewed defendant in the patrol car. During this interview, defendant denied "prior knowledge of the gun being in the vehicle." Troopers Miller and Kemerer transported defendant to jail. As they escorted defendant into the jail, he admitted to touching the handgun while in the back seat reaching for Morgan's purse.

A jury convicted defendant of CCW, felon-in-possession, and two counts of felony-firearm, but found him not guilty of receiving and/or concealing a stolen firearm. In addition, immediately before sentencing, the trial court granted defendant's motion for a directed verdict of acquittal as to one of the felony-firearm charges because it had been based on the receiving and/or concealing a stolen firearm charge.[2] Defendant now appeals to this Court.

## II. ANALYSIS

On appeal, defendant argues that the evidence presented at trial was insufficient to prove that he possessed a firearm. Defendant further argues that his convictions should be vacated because the jury reached a compromise verdict. In addition, defendant contends that he was denied a fair trial because the arresting state troopers testified that in their opinion he knowingly possessed a firearm.

## A. SUFFICIENCY OF THE EVIDENCE

Defendant's first argument raises the degree of ambiguity in his statements to the state troopers as well as his lack of control over the firearm found in the vehicle. As a result of these questions, defendant contends that the evidence was insufficient to support a conviction on any count charged against him. We disagree.

"In challenges to the sufficiency of the evidence, this Court reviews the record evidence de novo in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). This "standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Our Court "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d

---

[1] Thomas Lambert testified to owning the handgun.

[2] The trial court reasoned that sufficient evidence existed that the jury was confused and/or misunderstood M Crim JI 11.34 because "stolen" was omitted from the felony-firearm charge that related to the charge of receiving and/or concealing a stolen firearm.

57 (2008). In addition, "[c]ircumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *Id.*

For instance, possession of a firearm "can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). Such possession can be actual or constructive. *Id.* "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Hill*, 433 Mich 464, 470-471; 446 NW2d 140 (1989).

In this case, the jury heard testimony from Trooper Kemerer that described defendant's nervous behavior and suspicious movements as he and Trooper Miller approached the vehicle. Trooper Miller testified that the gun would have been near defendant's right leg or right foot, whereas Morgan's purse would have been to the left of his body. Trooper Kemerer similarly testified that he observed a handgun sitting on the floor of the backseat "within inches" of defendant's feet. Defendant also admitted to touching the gun, despite previously stating to the state troopers that he had no knowledge of the gun. Thus, taken together, sufficient circumstantial evidence existed from which a jury could reasonably infer that defendant actually possessed the handgun before and at the time Troopers Miller and Kemerer pulled over the vehicle in which he was a passenger.

## B. COMPROMISE VERDICT

Defendant argues that his convictions must be vacated and he should be granted a new trial because an erroneous instruction caused jury confusion and resulted in a possible compromise verdict. We disagree.

In general, absent compelling or extraordinary circumstances, issues must be properly raised before the trial court in order to be raised on appeal. *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994). Furthermore, when trial counsel agrees with how a jury is instructed, the issue is waived on appeal. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Waiver is the intentional relinquishment of a known right. *Id.* When a defendant waives a right, "there is no 'error' to review." *Id.* at 219. In this case, when asked by the trial court judge if he had any objections to the reading of the final jury instructions, counsel for defendant responded "none" and placed no objections on the record. Because of this, any objection by defendant to this issue has been waived and, therefore, not preserved on appeal. See *id.* at 215.

Our Court reviews unpreserved arguments for plain error affecting substantial rights. *People v Seals*, 285 Mich App 1, 4; 776 NW2d 314 (2009). A defendant must show that error occurred, "the error was plain, i.e., clear or obvious," and that the plain error affected his or her substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

"[J]urors are presumed to follow their instructions," which includes instructions not to compromise. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). A defendant's

convictions will not be automatically reversed whenever a charge is erroneously submitted to a jury. *Id*. at 486-487. Our Supreme Court has stated:

> [T]he error is cured when the jury acquits the defendant of the unwarranted charge. We are persuaded by the view that a defendant has no room to complain when he is acquitted of a charge that is improperly submitted to a jury, as long as the defendant is actually convicted of a charge that was properly submitted to the jury. Such a result squares with respect for juries. Further, not to adopt this view is to countenance a misuse of judicial resources by automatically reversing an otherwise valid conviction. [*Id*.]

However, "where the jury is presented an erroneous instruction" and "sufficiently persuasive indicia of jury compromise are present, reversal may be warranted in certain circumstances." *Id*. at 487-488.

Here, the jury found defendant not guilty of receiving and/or concealing a stolen firearm, but guilty of the associated felony-firearm charge. The trial court vacated this felony-firearm conviction, reasoning that the jury could have been and was confused by the instruction for this charge because it omitted "stolen" from the predicate offense. The trial court further reasoned that because of this, the jury was instructed on the crime of receiving and concealing a firearm, which does not exist.

Nevertheless, defendant has failed to show any indication of jury compromise. Instead, defendant contends without explanation that the trial court erred when it only vacated his felony-firearm conviction that related to his acquittal for receiving and/or concealing a stolen firearm. However, had the trial court vacated defendant's remaining convictions, it would have overturned convictions for charges properly submitted to the jury.

Moreover, although defendant challenges the trial court's remedy as it relates to the receiving and/or concealing a stolen firearm charge, the record indicates that this submission to the jury was justified. Specifically, Thomas Lambert contacted police on September 23, 2018 because his gun was missing. Lambert's gun was discovered on October 31, 2018 at the feet of defendant as he sat in the back of a vehicle stopped by Troopers Miller and Kemerer. This relatively short amount of time could suggest that defendant was either the one who stole Lambert's gun or that he was connected enough with the person who stole it to know that it was stolen.

Additionally, defendant exhibited "nervous behavior" when the police approached the vehicle, looking both ways and reaching around in the vehicle. This behavior could imply that defendant was worried about the gun being discovered not only because he was not supposed to have a gun at all, but also because he knew the gun was stolen. This circumstantial evidence justified the submission of the receiving and/or concealing a stolen firearm charge to the jury. See *Kanaan*, 278 Mich App at 619.

## C. OPINION TESTIMONY

Finally, defendant argues that he was denied a fair trial because the arresting state troopers effectively told the jury that in their opinion he knowingly possessed the firearm. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Defendant did not object to the testimony of Trooper Miller or Trooper Kemerer, so his argument regarding opinion testimony is unpreserved. See *id*. Accordingly, defendant's argument is reviewed for plain error affecting substantial rights. See *Seals*, 285 Mich App at 4.

MRE 701 governs opinion testimony by lay witnesses:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

In *People v Heft*, 299 Mich App 69, 81; 829 NW2d 266 (2012), this Court reiterated that "[a] witness may not opine about the defendant's guilt." In addition, the holding in *Heft* provides that police officers can explain through testimony "the steps of their investigations from their personal perceptions." *Id*. at 83. Our Court further explained that a police officer may testify about their observations during an investigation, and their evaluation of a defendant's story given those observations so long as he or she does not provide an opinion about a defendant's guilt. *Id*. at 81-83.

In this case, both state troopers testified that defendant claimed he had no knowledge of the firearm. The prosecutor then asked both how they responded to this explanation. Trooper Miller testified:

> I found it very hard to believe given the fact that it was at his feet and he would have gotten into the car and it would have been obstructing his -- you know, it would have been right at his feet. It's hard for me to believe that someone wouldn't notice a handgun that's in the floor board of where their feet are going to be positioned.

Trooper Kemerer testified:

> I thought that was extremely unlikely, which we informed him of that. To me it was impossible that he could not know that there was a gun right at his feet prior to us walking up. Again, I had seen it from outside of the car. For him to have sat down in the vehicle, not seeing it before he sat down and not noticed it while it was at his feet, again, just seemed impossible to me.

The state troopers' testimony was not aimed at expressing an opinion as to defendant's guilt, but rather explained their personal observations and the inferences they drew from defendant's alleged lack of knowledge of the handgun. See MRE 701. The state troopers never testified that they believed defendant was guilty of any charged offense. They did not even testify that defendant had possession of or was possessing the gun. Their testimony was limited to the explanation defendant gave, and how their observations matched up with that explanation.

Furthermore, at the conclusion of trial, jurors were reminded that it was up to them to assess the credibility of witnesses and weight of their testimony, and that the state troopers' testimony was to be evaluated by this same standard. See M Crim JI 3.6 and 5.11. If any prejudice did arise from the testimony, this jury instruction presumably cured it. See *Graves*, 458 Mich at 486. Therefore, the trial court did not err when it admitted the opinion testimony of Trooper Miller and Trooper Kemerer. Thus, defendant is not entitled to a new trial.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Michael J. Kelly